**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 18-4091**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID MICHAEL DAKOSKI,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:16-cr-00114-MR-DLH-1)

---

Submitted:  September 28, 2018                Decided:  October 29, 2018

---

Before DUNCAN and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Joshua B. Carpenter, Appellate Chief, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Michael Dakoski appeals his 100-month sentence imposed by the district court after he pleaded guilty, without a plea agreement, to three counts of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (2012), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (2012). He contends that the district court erred in applying a four-level enhancement for material involving the portrayal of sadistic or masochistic conduct or other depictions of violence ("sadism enhancement"). *See* U.S. Sentencing Guidelines Manual § 2G2.2(b)(4) (2016). We affirm.

In determining whether a district court properly applied the Sentencing Guidelines, "we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018). "We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range— under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51.

We need not consider whether the district court erred in determining that the sadism enhancement applies because we conclude that any such error is harmless. *See* Fed. R. Crim. P. 52(a). "A sentencing error is harmless if the resulting sentence was not longer than that to which the defendant would otherwise be subject." *United States v. Hargrove*,

2

701 F.3d 156, 161 (4th Cir. 2012) (brackets and internal quotation marks omitted). "In performing harmless-error review, an appellate court may assume that a sentencing error occurred and proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.), *cert. denied*, 138 S. Ct. 208 (2017). The "assumed error harmlessness inquiry require[s] (1) knowledge that the district court would have reached the same result even if it had decided the guidelines issue the other way and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *Id.* (internal quotation marks omitted).

Here, the district court stated that it accorded its determination that the sadism enhancement applies almost no weight in determining the proper sentence, and it stated during its explanation of the sentence imposed that the enhancement had no effect in its consideration of the 18 U.S.C. § 3553(a) (2012) factors. Indeed, the district court stated that the calculation of a Sentencing Guidelines range was not relevant to its calculation of an appropriate sentence. With such statements, "the court made abundantly clear," *Hargrove*, 701 F.3d at 164, that it would have imposed the same sentence even if it had determined that the sadism enhancement did not apply. Furthermore, our review of the district court's general discussion of the relevant § 3553(a) factors and the totality of the circumstances convinces us that the sentence imposed is procedurally and substantively reasonable even without application of the sadism enhancement. *See Gall*, 552 U.S. at 51; *Blue*, 877 F.3d at 517; *see also United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*