**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4760**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAVARES LAJUANE GRAHAM,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (5:16-cr-00308-BO-1)

Submitted: July 26, 2019            Decided: August 20, 2019

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Hannah R. Metcalfe, METCALFE & ATKINSON, LLC, Greenville, South Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tavares Lajuane Graham pled guilty to possession with intent to distribute 500 grams or more of cocaine and 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). Graham appeals his 120-month sentence, arguing that the district court erroneously sentenced him as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2018). Because any such error is harmless, we affirm.

We have held that "it is unnecessary to vacate a sentence based on an asserted [Sentencing] [G]uidelines calculation error if we can determine from the record that the asserted error is harmless." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. (2017); *see* Fed. R. Crim. P. 52(a).

> To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor.

*McDonald*, 850 F.3d at 643.(internal quotation marks omitted).

The district court—applying the career offender enhancement—determined that Graham's Guidelines range was 262 to 327 months. The district court varied downward and imposed the statutory mandatory minimum 60-month sentence on each count, to run consecutively. Accordingly, the 120-month total sentence the district court imposed was the lowest sentence it could have lawfully imposed. Because the court imposed the lowest possible sentence, it could not have reached a different result if it decided the Guidelines

2

issue the other way, and the sentence is thus *per se* reasonable. *See United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008) ("A statutorily required sentence . . . is *per se* reasonable."), *abrogated on other grounds by Rodriguez v. United States*, 135 S. Ct. 1609 (2015).

We thus affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*