**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4949**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTICE TOWAN ROUNDTREE, a/k/a Bentley Koop, a/k/a Lil Koop,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:19-cr-00424-CMC-1)

Submitted: October 6, 2020                    Decided: October 14, 2020

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. A. Lance Crick, Acting United States Attorney, Casey Rankin Smith, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justice Towan Roundtree pled guilty to knowingly possessing a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e). The district court sentenced Roundtree to 77 months' imprisonment. Roundtree now appeals, arguing that his sentence is unreasonable. We affirm.

On appeal, Roundtree argues that the district court erred when it denied his request to compel the Government to move for a one-level reduction in his offense level pursuant to U.S. Sentencing Guidelines Manual § 3E1.1(b) (2018). Rather than evaluating the merits of a defendant's challenge to the calculation of the Sentencing Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). "To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). The error will be deemed harmless only when we are "certain" that these requirements are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012). Here, the first part of the inquiry is satisfied because the "district court has expressly stated in a separate and particular explanation that it would have reached the same result." *Gomez-Jimenez*, 750 F.3d at 383.

With respect to the second step of the analysis, we note that, had the district court instead ruled in Roundtree's favor, his total offense level would have only dropped from

2

22 to 21, and with a criminal history category of V, his Guidelines range would have been 70 to 87 months' imprisonment. *See* USSG ch. 5, pt. A (sentencing table). We review a sentence for substantive reasonableness by "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable" and that presumption "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Roundtree's sentence—which is within both the Guidelines range applied by the district court and the Guidelines range that Roundtree argues should have applied—is presumptively substantively reasonable. *See id.* Roundtree has not rebutted this presumption on appeal. The district court reasonably determined that a within-Guidelines-range sentence was proper in light of the nature and circumstances of the offense and Roundtree's history and characteristics. Based on the factors identified by the court in sentencing Roundtree, we conclude that the 77-month sentence is substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*