**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4422**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSCAR GEOVANI OLIVERA-HERNANDEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:19-cr-00422-FL-1)

Submitted: March 18, 2021                           Decided: March 22, 2021

Before WILKINSON and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oscar Geovani Olivera-Hernandez appeals the 46-month sentence imposed by the district court following his guilty plea to illegal reentry after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Olivera-Hernandez contends that the district court erred in calculating his advisory Sentencing Guidelines range by applying a 10-level enhancement rather than an 8-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(3) (2018). We affirm.

Rather than review the merits of Olivera-Hernandez's challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). "To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). An error will be deemed harmless only when we are "certain" that these inquiries are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Here, the district court stated that it would have imposed the same 46-month sentence even if it had made a mistake in calculating Olivera-Hernandez's Guidelines range. We thus conclude that the first requirement of the assumed error harmlessness inquiry is satisfied. *See Gomez-Jimenez*, 750 F.3d at 383.

Next, we must assess whether Olivera-Hernandez's sentence would be substantively reasonable even if the district court had sustained his objection to the 10-level enhancement under USSG § 2L1.2(b)(3)(A), and instead applied an 8-level enhancement under USSG § 2L1.2(b)(3)(B). Had the district court applied the 8-level enhancement, Olivera-Hernandez's Guidelines range would have been 37 to 46 months' imprisonment rather than 46 to 57 months' imprisonment.

We are satisfied that the 46-month sentence imposed by the district court is substantively reasonable even under an assumed Guidelines range of 37 to 46 months.[*] Indeed, the district court adequately explained why a 46-month sentence was necessary using the 18 U.S.C. § 3553(a) factors. *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010) (explaining that substantive reasonableness review requires an examination of "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)"). In particular, the district court emphasized that Olivera-Hernandez had three prior felony convictions for indecent liberties with a child and that he reentered the United States shortly after being removed from this country in 2017. The district court also determined that a 46-month sentence was necessary to discourage Olivera-Hernandez from again unlawfully entering the United States—which he has done on three occasions—

---

[*] Notably, Olivera-Hernandez's 46-month sentence is within the Guidelines range that he asserts is proper. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (recognizing that within-Guidelines-range sentence is presumptively substantively reasonable).

3

and to promote respect for the law. Because Olivera-Hernandez's 46-month sentence is supported by the district court's consideration of the § 3553(a) factors, we conclude that the sentence is substantively reasonable.

For those reasons, we are satisfied that any Guidelines calculation error in these proceedings was harmless. *See McDonald*, 850 F.3d at 645. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*