**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4066**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ANTHONY OWENS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Mark S. Davis, Chief District Judge. (4:19-cr-00002-MSD-DEM-1)

Submitted: July 8, 2021                          Decided: July 21, 2021

Before WYNN and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Andrew W. Grindrod, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Brian J. Samuels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Owens appeals the 66-month sentence imposed by the district court following his guilty pleas to seven counts of bank fraud, in violation of 18 U.S.C. § 1344. On appeal, Owens contends that the district court erred in calculating his advisory Sentencing Guidelines range by applying a two-level enhancement under U.S. Sentencing Guidelines Manual § 2B1.1(b)(11)(C)(i) (2018), for unlawfully using any means of identification to produce or obtain another means of identification. We affirm.

Rather than review the merits of Owens' challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry."[*] *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). "To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal

---

[*] Owens claims that our decisions recognizing and applying the assumed error harmlessness inquiry are contrary to recent Supreme Court precedents and otherwise unsound. We are unpersuaded. Insofar as Owens argues that our decisions run afoul of *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), we have explained that the assumed error harmlessness inquiry is, in fact, consistent with *Molina-Martinez*. *See United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019). To the extent Owens contends that our decisions contravene *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018), we observe that the Supreme Court did not there confront an assumed error harmlessness analysis. Finally, regarding Owens' assertion that our decisions are unsound for other reasons, we emphasize that "one panel cannot overrule a decision issued by another panel." *McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc).

quotation marks omitted). An error will be deemed harmless only when we are "certain" that these inquiries are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Here, the district court stated that it would have imposed the same 66-month sentence even if it had sustained Owens' objection to the 2-level enhancement under USSG § 2B1.1(b)(11)(C)(i). We thus conclude that the first requirement of the assumed error harmlessness inquiry is satisfied. *See Gomez-Jimenez*, 750 F.3d at 383.

Next, we must assess whether Owens' sentence would be substantively reasonable even if the district court had sustained Owens' objection to the two-level enhancement under USSG § 2B1.1(b)(11)(C)(i). Had the district court done so, Owens' Guidelines range would have been 57 to 71 months' imprisonment rather than 70 to 87 months' imprisonment.

We are satisfied that the 66-month sentence imposed by the district court is substantively reasonable even under an assumed Guidelines range of 57 to 71 months. The district court thoroughly explained why a 66-month sentence was necessary using the 18 U.S.C. § 3553(a) factors. *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010) (explaining that substantive reasonableness review requires an examination of "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)"). In particular, the district court emphasized that, over about a four-year period, Owens stole a significant amount of money using the identifying information of others. The district court also underscored that Owens has an extensive criminal history, that Owens has engaged in similar fraudulent conduct in the past, and that shorter sentences have not deterred Owens

3

from engaging in further criminal conduct. Against those aggravating facts, the district court weighed several mitigating facts, including Owens' claim that he used his ill-gotten gains to support his family, Owens' traumatic childhood, Owens' apparent voluntary cessation of the instant fraudulent conduct, and Owens' acceptance of responsibility for his crimes. After considering the aggravating and mitigating facts in the context of the § 3553(a) factors, the district court reasonably arrived at a sentence of 66 months. We thus conclude that Owens' 66-month sentence is substantively reasonable.

For those reasons, we are satisfied that any Guidelines calculation error in these proceedings was harmless. *See McDonald*, 850 F.3d at 645. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*