**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4682**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

DOMINIC XAVIER MCDONALD, a/k/a Bombay,

    Defendant – Appellant.

-------------------------------------

FEDERAL PUBLIC DEFENDER OF SOUTH CAROLINA,

    Amicus Supporting Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:14-cr-00255-RJC-1)

Argued:  December 9, 2016          Decided:  March 9, 2017

Before TRAXLER, SHEDD, and KEENAN, Circuit Judges.

Affirmed by published opinion.  Judge Shedd wrote the opinion, in which Judge Traxler and Judge Keenan joined.

**ARGUED:** Denzil Horace Forrester, THE LAW OFFICES OF DENZIL H. FORRESTER, Charlotte, North Carolina, for Appellant.  Anthony Joseph Enright,

OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Jill Westmoreland Rose, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. William F. Nettles, IV, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Amicus Curiae.

SHEDD, Circuit Judge:

Dominic Xavier McDonald pled guilty to four counts of possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1). He now appeals his 188-month sentence. Finding no reversible error, we affirm.

I.

Over the course of two weeks in October 2014, McDonald illegally sold six firearms, several of which he had stolen, to a cooperating defendant. First, McDonald sold a .22 caliber revolver, which was loaded with eight rounds of ammunition. Two days later, he sold a 9mm pistol containing ten rounds of ammunition. Next, McDonald and another individual sold two rifles they had stolen earlier that month, a .22 caliber Remington 541S and a Browning 30-60. Finally, McDonald sold a 9mm pistol and a .38 caliber revolver that he had stolen from the home of a Charlotte-Mecklenburg police officer. Referring to one of these firearms, McDonald told the buyer that he "got this b*tch from a police officer's crib." J.A. 104.

McDonald's possession of the firearms was unlawful because he had previously been convicted of numerous felony offenses. Notably, while he was trafficking in these firearms, he was serving a term of supervised release arising out of an earlier federal conviction for possession of a firearm by a convicted felon. McDonald had been out of prison for less than a month when he sold these firearms. J.A. 63.

Based on the foregoing, a grand jury indicted McDonald on four counts of possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1). J.A. 11–12. McDonald pled guilty in the Western District of North Carolina without a written

3

plea agreement. The probation office prepared McDonald's presentence report, which recommended that he be sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), due to his prior violent felony convictions, namely two convictions of South Carolina second-degree burglary and one conviction of North Carolina robbery with a dangerous weapon.[1] J.A. 107.

McDonald objected to his classification under the ACCA, arguing that second-degree burglary under South Carolina law should not be considered a "violent felony" for ACCA purposes because "some sort of [future] decision from the Fourth Circuit might impact this case . . . ." J.A. 41. The district court discussed this issue with McDonald's counsel in detail at a lengthy hearing, but ultimately determined that McDonald should be sentenced under the ACCA. J.A. 41–54. The district court reasoned that then-controlling Fourth Circuit law established that South Carolina second-degree burglary falls within the ACCA's list of prior offenses. J.A. 45–55 (citing *United States v. Wright*, 594 F.3d 259, 266 (4th Cir. 2010)).

Having determined that the ACCA applied, the district court then turned to the § 3553(a) factors and found a 188-month sentence appropriate. 18 U.S.C. § 3553(a). In addition, the district court stated that even if the ACCA did not apply, it would still have given McDonald a 188-month sentence to reflect McDonald's extensive criminal history,

---

[1] Applying the ACCA changed McDonald's sentencing by imposing a mandatory minimum sentence of 15 years for any person who "violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . ." 18 U.S.C. § 924(e)(1).

"the very serious nature of the underlying offenses" and "to deter criminal conduct and protect the public from further crimes of the defendant." J.A. 69. The district court noted that shorter sentences had not deterred McDonald from committing the same crime numerous times. It also noted that the 188-month sentence took into consideration McDonald's "difficult childhood, [his] mental state and . . . the heartfelt sentiments of Mr. McDonald's sister," who spoke at his sentencing hearing. J.A. 69–70.[2]

## II.

On appeal, McDonald argues that the district court erroneously sentenced him under the ACCA. McDonald contends that his sentence should be vacated because the district court erred in applying the ACCA to him.[3] As a general matter, in reviewing any sentence "whether inside, just outside, or significantly outside the Guidelines range," we apply a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We must first "ensure that the district court committed no significant procedural error." *Id.* at 51. Then, "[i]f, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed under an abuse-of-

---

[2] Without the ACCA, McDonald's maximum sentence for each count is 120 months. The district court recognized this fact in fashioning the alternate sentence by imposing a concurrent 120-month sentence on counts one through three and a 68-month consecutive sentence on count four. J.A. 144 (Statement of Reasons).

[3] Specifically, McDonald contends that (1) his prior convictions of South Carolina second-degree burglary are not "violent felonies" under the ACCA; (2) the burglaries were not committed on separate occasions as required by the ACCA; (3) the ACCA issue should not have been considered because it was brought to the district court's attention through an untimely objection; and (4) the ACCA creates a classification that violates the guarantee of equal protection under the United States Constitution.

5

discretion standard." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotations omitted). "Federal sentencing law requires the district judge in every case to impose 'a sentence sufficient, but not greater than necessary, to comply with' the purposes of federal sentencing, in light of the Guidelines and other § 3553(a) factors." *Freeman v. United States*, 131 S.Ct. 2685, 2692 (2011)(quoting 18 U.S.C. § 3553(a)).

However, Rule 52(a) of the Federal Rules of Criminal Procedure mandates that we must disregard harmless errors. Consistent with this rule, in *United States v. Savillon-Matute*, 636 F.3d 119 (4th Cir. 2011), we held that it is unnecessary to vacate a sentence based on an asserted guidelines calculation error if we can determine from the record that the asserted error is harmless. Since our decision in *Savillon-Matute,* we have applied this standard in multiple cases. *See, e.g.*, *United States v. Gomez-Jimenez*, 750 F.3d 370, 382–386 (4th Cir. 2014); *United States v. Hargrove*, 701 F.3d 156, 162 (4th Cir. 2012); *United States v. Shrader*, 675 F.3d 300, 315 (4th Cir. 2012) (affirmed sentence despite concerns that district court erroneously applied ACCA).

To apply this "assumed error harmlessness inquiry" we require "(1) knowledge that the district court would have reached the same result even if it had decided the guidelines issue the other way and (2) a determination that the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." *Savillon-Matute*, 636 F.3d at 123 (internal quotations omitted). In performing harmless-error review, an appellate court may assume that a sentencing error occurred and proceed to examine whether the error affected the sentence imposed. *See Jones v. United States*, 527 U.S. 373, 402 (1999). Therefore we assume that McDonald does not qualify as a

"violent felon" under the ACCA and evaluate whether, absent application of the ACCA, the district court would have reached the same result and whether the result is reasonable.[4]

With regard to the first prong, the record makes clear that the district court would have given McDonald the same sentence absent application of the ACCA. The district court noted that, had it not applied the ACCA, it would have arrived at the same 188-month sentence because it would have given McDonald an above-Guidelines sentence through an upward variance in his criminal history category. The district court then recalculated McDonald's alternate sentence without the ACCA. The district court stated that

> the Court is firmly convinced, based upon this record, based upon the evidence before it, based upon the conduct of Mr. McDonald subsequent to his arrest on these charges, that a lengthy sentence is necessary to accomplish the 3553(a) factors . . . Had the Court not made an Armed Career Criminal Act finding, the defendant's range would have been based upon an offense level 29, criminal history category V, for 140 to 175 months. An alternative way of arriving at the conclusion the Court has at 188 months is sufficient but not greater than necessary, would be to vary or depart one criminal history category from V to VI and a range of 151-188 months. Had the Court not found that the Armed Career Criminal Act

---

[4] The government contends that McDonald has waived this argument by failing, without good reason, to raise it in his opening brief. *See Suarez-Valenzuela v. Holder*, 714 F.3d 241, 248-49 (4th Cir. 2013) ("contentions not raised in the argument section of the *opening brief* are abandoned" and not ordinarily subject to appellate review). Because we affirm McDonald's sentence regardless, we do not address whether McDonald waived this argument. However, McDonald failed to make any arguments as to why his alternate sentence should not be affirmed. Oral Argument at 6:05, *United States v. McDonald*, (2016) (No. 15-4682), http://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments.

enhancement applied, *the Court would have done just that.* J.A. 70 (emphasis added).

The district court then elaborated: "[t]he Court would have varied one criminal history category under 4A1.3 of the guidelines, which instructs the Court to depart upward when the criminal history does not adequately reflect the seriousness of past criminal conduct" to "accomplish the purposes of sentencing set forth in 3553(a). . ." J.A. 70–71. Because absent the ACCA, each count would have a lower statutory maximum of 120 months, the court then explained in its Statement of Reasons that it would have "stack[ed] the counts of conviction, imposing a 120 month sentence on three of the counts to run concurrent and a 68 month consecutive sentence on the fourth count of conviction, for reasons stated at the Sentencing Hearing to support the Court's conclusion . . . ." J.A. 144.

While, "[o]f course, there is no requirement that a district court 'specifically state that it would give the same sentence absent the [ACCA],'" *United States v. Montes-Flores*, 736 F.3d 357, 370 (4th Cir. 2013) (quoting *Savillon-Matute*, 636 F.3d at 124)), the district court did exactly that in sentencing McDonald. In *Shrader*, we held that we "need not address the propriety of [an] ACCA enhancement, because an upward variance or departure in this case would produce exactly the same result and because the transcript makes clear that the sentence herein, irrespective of any ACCA enhancement, plainly effectuated the trial court's sentencing intent." 675 F.3d at 315. In this case, the district court was even more thorough because it expressly stated what upward departure or variance it would have used to achieve the same 188-month result. As in *Shrader*, the

8

transcript makes eminently clear that the district court would have imposed an upward departure to produce the 188-month sentence necessary to effectuate its sentencing intent.

In fact, the district court's alternate sentence is more thorough than other alternate sentences we have affirmed under the assumed harmless error review. In Gomez-Jimenez, for example, we affirmed an alternate sentence despite the lack of a separate explanation for an upward departure that would have been necessary in the alternate to reach the same sentence, because the district court's sentencing intent was still clear from the record. 750 F.3d at 382–86. In this case, the district court actually gave a comprehensive explanation of the basis for the parallel result.

In *Savillon-Matute*, we explained the point of this harmless error inquiry was that "it would make no sense to set aside [a] reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." 636 F.3d at 123 (internal quotations omitted). This is such a case, and we commend the district court for its thoroughness.

Turning to the second requirement, we must decide whether McDonald's sentence is substantively reasonable. We conclude that it is. As in *Savillon-Matute* and *Hargrove*, the district court adequately explained its sentence as necessary under § 3553(a). *Savillon-Matute*, 636 F.3d at 122–24; *Hargrove*, 701 F.3d at 162. The district court explained in detail the reasons compelling a 188-month sentence, namely the need for deterrence, the "very serious nature" of McDonald's offenses, and "importantly in this case, to protect the public." J.A. 68–70. Because the district court made it clear that it would have given McDonald the same sentence if the ACCA did not apply, and that

sentence is substantively reasonable, any alleged guidelines calculation error was harmless.

## III.

For the foregoing reasons, we affirm McDonald's sentence of 188 months imprisonment.

*AFFIRMED*