**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4229**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES STEPHEN THORPE, a/k/a J1,

Defendant - Appellant.

**No. 17-4236**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA RAYSHAWN MELVIN, a/k/a J. O.,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:16-cr-00074-D-1; 5:16-cr-00074-D-2)

Submitted: January 28, 2020                                    Decided: March 2, 2020

Before KEENAN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

Richard Croutharmel, RICHARD CROUTHARMEL, ATTORNEY AT LAW, Raleigh, North Carolina; Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellants. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted James Stephen Thorpe and Joshua Rayshawn Melvin (collectively, Appellants), of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2018) (Count 1), Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951, 2 (2018) (Count 2), and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c), 2 (2018) (Count 3).  On appeal, Appellants challenge the sufficiency of the evidence, the district court's denial of their motion to dismiss, and the reasonableness of their sentences.  Finding no reversible error, we affirm.

Appellants first contend that the Government failed to establish the interstate commerce nexus for the Hobbs Act robbery.  "We review the denial of a motion for judgment of acquittal de novo."  *United States v. Savage*, 885 F.3d 212, 219 (4th Cir.), *cert. denied*, 139 S. Ct. 238 (2018).  In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government.  *United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012).  "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of guilt beyond a reasonable doubt."  *Id.* In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility.  *United States v. Dinkins*, 691 F.3d 358, 387 (4th Cir. 2012).  "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear."  *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

To establish the interstate commerce element of Hobbs Act robbery, the Government must "prove a minimal effect on interstate commerce." *United States v. Taylor*, 754 F.3d 217, 222 (4th Cir. 2014) (internal quotation marks omitted). "The effect may be so minor as to be *de minimis*, and may be demonstrated by proof of probabilities." *Id.* (citation and internal quotation marks omitted). "To determine whether a robbery affects commerce, we do not simply examine the effect of the individual action in question; it is sufficient that the relevant class of acts has a measurable impact on interstate commerce." *Id.* (internal quotation marks omitted).

"Under the targeting theory, a defendant who robs a victim in the belief that he will recover the proceeds of an enterprise engaged in interstate commerce will not fortuitously escape prosecution under the Hobbs Act because his target did not possess those proceeds at the precise time of the robbery." *Id.* at 225; *see also United States v. Wang*, 222 F.3d 234, 239-40 (6th Cir. 2000) (suggesting "that the Government might make such a showing by demonstrating that the defendant knew of or was motivated by the individual victim's connection to interstate commerce"). Here, the evidence established that Appellants targeted the victim, a night club promoter, because they believed that he took money from the night club home, instead of to a bank.[*] Thus, the fact that the Government did not establish the nature of the $5,000 taken from the victim is not relevant, because Appellants believed that the victim had money from the club in his possession. Accordingly, we conclude that the Government established the interstate commerce element.

_____

[*] The evidence established that the club was engaged in interstate commerce.

4

Next, Appellants argue that the district court erred in denying their motion to dismiss Count 3, because Hobbs Act robbery does not qualify as a crime of violence. "We review de novo the question whether an offense qualifies as a crime of violence." *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir.), *cert. denied*, No. 19-6423, 2019 WL 6689801 (U.S. Dec. 9, 2019), *and cert. denied*, No. 19-6424, 2019 WL 6689802 (U.S. Dec. 9, 2019). A crime of violence for § 924(c) purposes is defined as:

> an offense that is a felony and . . . (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "force clause")], or (B) that[,] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

18 U.S.C. § 924(c)(3). We previously held that the residual clause is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 237 (4th Cir.), *cert. denied*, 140 S. Ct. 304 (2019); *accord United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). While this appeal was pending, we also held that Hobbs Act robbery qualifies as a crime of violence under the force clause. *Mathis*, 932 F.3d at 266. Accordingly, we affirm Appellants' convictions.

Appellants further contend that the district court erred in applying a six-level enhancement for assaulting a law enforcement officer pursuant to U.S. Sentencing Guidelines Manual § 3A1.2(c) (2016). Melvin further contends that his sentence is substantively unreasonable. Rather than evaluating the merits of Appellants' challenges to the calculation of the Sentencing Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).

5

> To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor.

*United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). The error will be deemed harmless only when we are "certain" that these inquiries are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Here, the first inquiry is met because the "district court . . . expressly stated in a separate and particular explanation that it would have reached the same result." *Gomez-Jimenez*, 750 F.3d at 383. We further conclude that Appellants' sentences are reasonable. During the course of the robbery, one victim was shot, another was physically assaulted, and the robbers threatened to drown a four-year-old child. Moreover, Appellants had lengthy criminal histories, which included several robberies. Thus, the district court rightfully determined that deterrence was necessary, and that the public needed to be protected from Appellants.

Although Melvin raises additional arguments regarding the substantive reasonableness of his sentence, these arguments do not change our conclusion. While Melvin committed the offense at a young age, his age does not negate the heinous nature of the offense. Even though Melvin had not yet served an active prison sentence, he had committed enough crimes to place himself in criminal history category VI. The district court was rightfully concerned that previous leniency did nothing to deter him from committing the instant offense. And while Melvin argues that the abduction and assault

6

enhancements significantly increased his Guidelines range, these enhancements appropriately factored in his offense conduct.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*