**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4565**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JORDAN DELANEY WEIL,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00159-D-1)

Submitted:  July 22, 2021        Decided:  August 18, 2021

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, PC, Wilmington, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jordan Delaney Weil appeals the 108-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). In applying the Sentencing Guidelines, the district court overruled two of Weil's objections and calculated a Guidelines range of 100 to 120 months. On appeal, Weil challenges the court's resolution of these two Guidelines issues, as well as the substantive reasonableness of his sentence. However, assuming without deciding that the court made the errors Weil alleges, we conclude that such errors are harmless. So, we affirm.

A Guidelines error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (brackets and internal quotation marks omitted); *see United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (discussing assumed error harmlessness inquiry). Here, the district court explicitly stated that a 108-month upward variance sentence was warranted under the pertinent 18 U.S.C. § 3553(a) factors. Because the "court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014), we conclude that the first prong of the assumed error harmlessness inquiry is satisfied.

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed errors. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must

2

be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Weil's 108-month sentence was roughly 50% longer than the high end of the 57-to-71-month Guidelines range that would have applied had his objections been sustained. As the district court indicated, an upward variance of this magnitude was warranted in light of Weil's significant criminal record, his leadership role in a gang, his use of multiple firearms to facilitate drug trafficking, and the need to protect the public by incapacitating him. Thus, we conclude that Weil's upward variance sentence is substantively reasonable and, consequently, that the purported miscalculation of Weil's Guidelines range is harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3