**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4506**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DANA Q. ROUSH,

    Defendant - Appellant.

**No. 20-4507**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DANA QUINN ROUSH,

    Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Greenville and Spartanburg.  Timothy M. Cain, District Judge.  (6:18-cr-00168-TMC-2; 7:18-cr-00849-TMC-1)

Submitted:  December 8, 2021        Decided:  December 15, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant.  M. Rhett Dehart, Acting United States Attorney, Columbia, South Carolina, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dana Q. Roush appeals the 136-month sentence imposed following her convictions for conspiring to commit mail fraud, in violation of 18 U.S.C. §§ 1341, 1349; equity skimming, in violation of 12 U.S.C. § 1715z-19; and embezzling money from a labor organization, in violation of 29 U.S.C. § 501(c). In applying the Sentencing Guidelines, the district court overruled two of Roush's objections and calculated a Guidelines range of 121 to 151 months. On appeal, Roush challenges the court's resolution of these two Guidelines issues. However, assuming without deciding that the court made the errors Roush alleges, we conclude that such errors are harmless. So, we affirm.

A Guidelines error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (brackets and internal quotation marks omitted); *see United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (discussing assumed error harmlessness inquiry). Here, the district court explicitly stated that a 136-month upward variance sentence was warranted under the pertinent 18 U.S.C. § 3553(a) factors. Because the "court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the

Guidelines," *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014), we conclude that the first prong of the assumed error harmlessness inquiry is satisfied.[*]

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed errors. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Roush's 136-month sentence is a little more than 50% longer than the high end of the Guidelines range that would have applied had her objections been sustained. As the district court explained, an upward variance of this magnitude was warranted in light of Roush's disrespect for the law, as indicated by her involvement in two separate criminal endeavors; the need to protect the public from Roush, who, in both schemes, badly abused her authority and position of trust; and the need to reflect the seriousness of Roush's extensive real estate fraud, which wreaked significant financial and emotional harm on more than 200 victims, resulting in a total loss exceeding $2.6 million. Thus, we conclude

---

[*] Roush contends that the assumed error harmlessness inquiry should apply only where the district court varied upward from the Guidelines range calculated at sentencing. We have previously considered and rejected this exact argument. *See Gomez-Jimenez*, 750 F.3d at 384-86.

4

that Roush's upward variance sentence is substantively reasonable and, consequently, that the purported miscalculation of Roush's Guidelines range is harmless.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*