**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 20-4289**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JAYSON MCNEIL,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00120-D-1)

———————

Submitted:  December 29, 2021                Decided:  January 13, 2022

———————

Before WYNN and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jayson McNeil appeals from his convictions and resulting life sentence for distributing heroin resulting in death, in violation of 21 U.S.C. § 841(a)(1); conspiring to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1)(A), 846; possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); and possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. On appeal, McNeil challenges his convictions, arguing that the district court erred in denying his motion to suppress evidence derived from a traffic stop. McNeil also challenges his life sentence, arguing that the district court erred in applying sentencing enhancements for using or making a credible threat to use violence and McNeil's managerial or supervisory role in the criminal activity. We affirm.

Before trial, McNeil moved to suppress all evidence derived from a June 27, 2018, traffic stop of a Nissan Altima ("the Altima") driven by Antoine Elghossian and in which McNeil was a passenger. Deputy Justin Hastings of the Wake County Sheriff's Office interdiction team conducted the stop and Deputy Steven O'Byrne assisted. McNeil argued that the traffic stop and the extension of the stop for a dog sniff were not supported by reasonable suspicion. The district court denied McNeil's motion after a hearing.

"In reviewing the denial of a motion to suppress, we review legal conclusions de novo and factual findings for clear error [and] . . . consider the evidence in the light most favorable to the Government." *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (cleaned up). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe

2

witnesses and weigh their credibility during a pre-trial motion to suppress." *Id.* (internal quotation marks omitted).

"A traffic stop constitutes a seizure under the Fourth Amendment and is subject to review for reasonableness." *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017) (internal quotation marks omitted). Because a traffic stop bears a closer resemblance to an investigative detention than a custodial arrest, we evaluate the legality of a traffic stop under the two-pronged inquiry announced in *Terry v. Ohio*, 392 U.S. 1 (1968). *See United States v. Williams*, 808 F.3d 238, 245 (4th Cir. 2015). Pursuant to this inquiry, we ask (1) whether the stop was justified at its inception, and (2) "whether the officer's actions during the seizure were reasonably related in scope to the basis for the traffic stop." *Id.* (internal quotation marks omitted).

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *United States v. Sowards*, 690 F.3d 583, 588 (4th Cir. 2012) (internal quotation marks omitted). "Probable cause exists if, given the totality of the circumstances, the officer had reasonably trustworthy information sufficient to warrant a prudent person in believing that the petitioner had committed or was committing an offense." *Id*. (cleaned up). Hastings conducted the traffic stop after observing the Altima traveling at an excessive rate of speed and heavily braking when its headlights illuminated the police vehicle, and after noting that the vehicle had an expired registration sticker.

First, even assuming that Hastings' visual speed estimate of the Altima was only in slight excess of the legal speed limit, Hastings reasonably stopped the Altima because his

3

estimate was supported by the "additional indicia of reliability" of the Altima's heavy braking, and his subsequent observation of the Altima's decreased speed. *Id.* at 591 (holding that "the reasonableness of an officer's visual speed estimate depends . . . on whether a vehicle's speed is estimated to be in significant excess or slight excess of the legal speed limit. If slight, then additional indicia of reliability are necessary to support the reasonableness of the officer's visual estimate."). Moreover, Hastings reasonably stopped the Altima for a registration violation when he observed the registration sticker—which had expired more than 15 days earlier. *See* N.C. Gen. Stat. Ann. § 20-66(g) (stating that it is lawful to drive a vehicle for the first 15 days of the month following the expiration of the vehicle's registration sticker under North Carolina law).

Under the second prong of *Terry*, an officer's actions must be "reasonably related in scope to the basis for the traffic stop." *Williams*, 808 F.3d at 245 (internal quotation marks omitted). "A seizure for a traffic violation justifies a police investigation of that violation." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). Such an investigation includes inspecting the driver's license, verifying the registration of the vehicle, and determining whether the driver has any outstanding arrest warrants. *Id*. at 355. "[A] legitimate traffic stop may become unlawful if it is prolonged beyond the time reasonably required to complete its initial objectives." *United States v. Palmer*, 820 F.3d 640, 649 (4th Cir. 2016) (internal quotation marks omitted). However, an officer may permissibly ask questions of the vehicle's occupants that are unrelated to the alleged traffic violations, provided the conversation does not prolong the detention. *See Rodriguez*, 575 U.S. at 354-55.

4

Here, as the district court determined, Hastings reasonably and diligently investigated the traffic violations. Hastings completed his investigation in approximately 11 minutes, and the investigation was reasonably related to the speeding and registration violations. *See Williams*, 808 F.3d at 245. During this time, Hastings and O'Byrne questioned Elghossian and McNeil about their personal backgrounds and travel plans without prolonging the stop. *See Rodriguez*, 575 U.S. at 355 ("The seizure remains lawful only so long as unrelated inquiries do not measurably extend the duration of the stop." (cleaned up)).

An officer may extend the detention of a motorist beyond the time necessary to accomplish a traffic stop's purpose if the officer either possesses reasonable suspicion of criminal activity or receives the driver's consent. *See Williams*, 808 F.3d at 245-46; *see also Rodriguez*, 575 U.S. at 355 (holding that an officer may not conduct unrelated checks prolonging traffic stop absent reasonable suspicion). "Reasonable suspicion is a commonsense, nontechnical standard that relies on the judgment of experienced law enforcement officers," *Palmer*, 820 F.3d at 650 (internal quotation marks omitted), and is a less demanding standard than the probable cause or preponderance of evidence standard, *see Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). To determine whether reasonable suspicion existed, "we must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *Williams*, 808 F.3d at 246 (internal quotation marks omitted).

In *United States v. Bowman*, we concluded that the totality of the circumstances surrounding an officer's traffic stop, including the driver's initial nervousness; the

5

passenger avoiding eye contact with the officer; the presence of a suitcase, clothes, food, wrappers, and an energy drink in the car; the driver's inability to provide the address from which he picked up his passenger; and the driver's statements regarding his car purchases and his recent unemployment, did not amount to reasonable suspicion justifying prolonging the stop for a dog sniff. 884 F.3d 200, 214-19 (4th Cir. 2018). We determined that "[a]lthough the nature of the totality-of-the-circumstances test makes it possible for individually innocuous factors to add up to reasonable suspicion, it is impossible for a combination of wholly innocent factors to combine into a suspicious conglomeration unless there are concrete reasons for such an interpretation." *Id.* at 219 (internal quotation marks omitted).

Unlike the officer in *Bowman*, here, Hastings and O'Byrne provided objective, articulable reasons justifying their reasonable suspicion to prolong the stop. These factors included: Elghossian and McNeil's conflicting stories regarding the length of their visit to New Jersey and how long they had known each other, *see United States v. Vaughan*, 700 F.3d 705, 712 (4th Cir. 2012) (noting that when a driver and passenger provide conflicting answers about their travels, this factor especially contributes to reasonable suspicion of criminal activity); McNeil breathing heavily, his carotid artery pulsating, and continuing to stare at his phone when approached by O'Byrne, which was abnormal and appeared evasive, *see Wardlow*, 528 U.S. at 124 (recognizing that "nervous, evasive behavior is a pertinent factor in determining reasonable suspicion"); *cf. Bowman*, 884 F.3d at 215 (reasoning that officer's failure to explain why passenger avoiding eye contact was suggestive of criminal activity renders observation "not particularly probative of a

6

suspect's nervousness"); Elghossian's increasing nervousness, including his hand shaking when providing his license and beginning to sweat when Hastings asked for consent to search the Altima, *see United States v. Mason*, 628 F.3d 123, 129 (4th Cir. 2010) (finding support for reasonable suspicion based on testimony that driver "was sweating and unusually nervous when interacting with [law enforcement], and [driver's] nervousness did not subside, as occurs normally, but became more pronounced as the stop continued"); Elghossian's pinpoint pupils and fresh track marks on both arms, indicating recent drug use; Elghossian and McNeil's known involvement in narcotics trafficking that was the subject of an ongoing investigation; and McNeil's criminal history involving drugs. Based on the totality of the circumstances involving multiple indicators of criminal activity, we conclude that the district court did not err in finding that the officers had reasonable suspicion to extend the traffic stop for a dog sniff. We therefore affirm the convictions.

McNeil also challenges the district court's application of sentencing enhancements for using or making a credible threat to use violence under U.S. Sentencing Guidelines Manual (USSG) § 2D1.1(b)(2) (2018), and for being a manager or supervisor of criminal activity under USSG § 3B1.1(b). Rather than evaluating the merits of McNeil's challenge to the calculation of his Guidelines range, we "may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). In other words, we may assume that the Guidelines error occurred and "proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). Under the assumed error harmlessness inquiry,

7

> a Guidelines error is harmless and does not warrant vacating the defendant's sentence if the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor.

*United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (cleaned up).  The error will be deemed harmless if we are "certain" that these requirements are satisfied.  *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Here, "the district court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *Gomez-Jimenez*, 750 F.3d at 382, thus satisfying the first prong of the assumed error harmlessness inquiry, *see id.* at 383.  Under the second prong, when reviewing the substantive reasonableness of a sentence, "we must examine the totality of the circumstances . . . to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *Mills*, 917 F.3d at 331 (cleaned up).  McNeil does not offer any specific challenge to the substantive reasonableness of his sentence.  Because the district court provided a detailed explanation for the within-Guidelines sentence that was both rooted in the relevant 18 U.S.C. § 3553(a) factors and responsive to McNeil's argument for a lower sentence, we conclude that McNeil's sentence is substantively reasonable.  Accordingly, the district court did not "abuse[] its discretion," *Mills*, 917 F.3d at 331 (internal quotation marks omitted), and therefore we affirm the sentence.

Finally, McNeil, who is represented by counsel, seeks to file a pro se supplemental brief.  However, "an appellant who is represented by counsel has no right to file pro se

8

briefs or raise additional substantive issues in an appeal." *United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018). We therefore deny McNeil's motion to file a pro se supplemental brief.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*