**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4141**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL SHANE SATTERFIELD,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00212-WO-1)

─────────────

Submitted:  July 20, 2022                                    Decided:  August 11, 2022

─────────────

Before GREGORY, Chief Judge, and THACKER and RICHARDSON, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  James B. Craven, III, Durham, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Shane Satterfield appeals the 144-month sentence imposed following his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a). On appeal, Satterfield contends that the district court erred in imposing a Sentencing Guidelines enhancement for obstruction of justice, *see* U.S. Sentencing Guidelines Manual § 3C1.1 (2018), and in declining to apply a Guidelines reduction for acceptance of responsibility, *see* USSG § 3E1.1. The Government counters, in part, that the sentence is subject to affirmance because the district court announced an alternative variant sentence. Finding no reversible error, we affirm.

Rather than evaluating the merits of a defendant's challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). In other words, we may assume that the alleged Guidelines error occurred and "proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017). Under this inquiry, "a Guidelines error is harmless and does not warrant vacating the defendant's sentence if the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (cleaned up). The error will be deemed harmless if we are "certain" that these requirements are satisfied. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

2

The district court sentenced Satterfield as a de facto career offender and, therefore, announced that it had reached the sentence "without regard to application of . . . the obstruction of justice" enhancement. (J.A. 169).[1] The court further remarked that even if it applied a three-level reduction for acceptance of responsibility to the established Guidelines range, it still would impose the same sentence.[2] We therefore find that "the district court made it abundantly clear that it would have imposed the same sentence" if it had decided Satterfield's Guidelines challenges in his favor, thus satisfying the inquiry's first prong. *Gomez-Jimenez*, 750 F.3d at 382.

Under the second prong, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). Even if the district court had awarded Satterfield a reduction to his offense level for acceptance of responsibility, Satterfield's 144-month sentence still would fall below the revised Guidelines range of 151 to 188 months' imprisonment. It therefore enjoys a presumption of reasonableness that "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

---

[1] Citations to "J.A." refer to the joint appendix filed by the parties in this appeal.

[2] Satterfield does not challenge on appeal the application of the career offender Guidelines.

Our review of the record convinces us that Satterfield's sentence is substantively reasonable. The district court provided a detailed explanation for the sentence it imposed, grounded squarely in the relevant § 3553(a) factors. Satterfield offers no argument on appeal to overcome the presumption of reasonableness afforded his below-Guidelines-range sentence. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately before this court and argument would not aid the decisional process.

*AFFIRMED*