**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4586

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON ANTHONY COLBERT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:22-cr-00015-TDS-1)

Submitted:  May 23, 2023                          Decided:  May 25, 2023

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Angela H. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Anthony Colbert appeals the 60-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). His sole challenge on appeal concerns the substantive reasonableness of his custodial sentence. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary, to comply with the purposes of federal sentencing, in light of the [Sentencing] Guidelines and other [18 U.S.C.] § 3553(a) factors." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Here, the district court varied upward from the 30-to-37-month Guidelines range, explaining that a 60-month sentence was necessary to deter Colbert—who had already sustained a prior felon-in-possession conviction—from further criminal conduct; to reflect the seriousness of the offense, during which Colbert combined his unlawful firearm possession with drug dealing; and to protect the public and promote respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A), (B), (C). The court also found that Colbert's criminal history category did not adequately account for his significant criminal history. Finally, the court emphasized Colbert's poor prison disciplinary record.

2

On appeal, Colbert contends that this is a mine-run case that warrants a within-Guidelines-range sentence. He also downplays his criminal history and the level of drug dealing in which he engaged. However, based on our review of the record, we conclude that the court acted within its discretion in evaluating Colbert's criminal history and offense conduct and determining that a within-Guidelines-range sentence was insufficient to satisfy the goals of sentencing. Simply put, this is not "one of the rare cases where the sentence imposed by the district court was substantively unreasonable in light of the § 3553(a) factors." *United States v. Abed*, 3 F.4th 104, 119 (4th Cir. 2021) (cleaned up).

Accordingly, we affirm Colbert's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*