**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 20-4292**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DWAYNE SHANNON REARDON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00215-D-1)

———————

Submitted:  June 29, 2022                      Decided:  August 10, 2023

———————

Before KING and GREGORY, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Dwayne Shannon Reardon of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) ("Count 1"), and simple possession of five grams or more of methamphetamine and a quantity of cocaine, in violation of 21 U.S.C. § 844(a) ("Count 2").[1]  The district court sentenced Reardon to a total term of 132 months' imprisonment.  Reardon appeals, arguing that the district court erred in denying his motion to suppress certain evidence after conducting a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and by applying certain Sentencing Guidelines enhancements.  Finding no reversible error, we affirm.

I

Reardon first contends that the district court erred by denying his motion to suppress evidence obtained during a February 2018 search of his residence, contending that the underlying search warrant affidavit knowingly, intentionally, and recklessly contained false statements that were necessary to establish probable cause.  Although "[a]n accused is generally not entitled to challenge the veracity of a facially valid search warrant affidavit" by way of a motion to suppress, *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011), there is a narrow exception to this rule if a defendant establishes, by a

---

[1] The jury acquitted Reardon of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and of the originally charged offense in Count 2 of possession with intent to distribute, in violation of 21 U.S.C. § 841. Although the jury also convicted Reardon of possession of a firearm while subject to a domestic violence protective order, in violation of 18 U.S.C. § 922(g)(8), the district court granted Reardon's motion to arrest judgment and vacated this conviction prior to sentencing.

2

preponderance of the evidence, "that the affiant either intentionally or recklessly made a materially false statement or that the affiant intentionally or recklessly omitted material information from the affidavit," *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (internal quotation marks omitted).

In reviewing the denial of a motion to suppress, "we review legal conclusions de novo and factual findings for clear error." *United States v. Seerden*, 916 F.3d 360, 365 (4th Cir. 2019). "In doing so, we consider the evidence in the light most favorable to the Government." *Id.* We must also "give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *United States v. Wharton*, 840 F.3d 163, 168 (4th Cir. 2016) (internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (cleaned up). Thus, "[a] court reviewing for clear error may not reverse a lower court's finding of fact simply because it would have decided the case differently. Rather, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012) (cleaned up).

Reardon specifically challenged a paragraph from the affidavit in support of the search warrant in which the affiant, Johnston County Sheriff's Office ("JCSO") Detective Justin Roberts, averred that "[o]ver the past several months, the [JCSO] Narcotics Unit [had] received formal complaints that . . . Reardon [had] been selling crystal

methamphetamine from his residence." (J.A. 45).[2]  Relying on a document produced by the Government during discovery in which Roberts outlined various complaints received about Reardon between April and June 2017 and in November 2017, Reardon argued that the complaints were not recent enough to justify the phrasing "over the past several months."  The district court held an evidentiary hearing pursuant to *Franks*, and Roberts testified.  The court found Roberts to be "very believable and credible" (J.A. 177) and credited his testimony that, at the time he swore out his affidavit, he was aware of ongoing complaints against Reardon throughout 2017 and into early 2018, and that the list provided was a sampling of the numerous complaints.

We conclude that the district court did not err by denying Reardon's motion to suppress based on its finding that Roberts did not "subjectively act[] with intent to mislead, or with reckless disregard for whether the statements would mislead," *United States v. Moody*, 931 F.3d 366, 371 (4th Cir. 2019), by averring that the JCSO had received "formal complaints" "[o]ver the past several months." (J.A. 45).

II

Next, Reardon argues that the district court erred in its calculation of his Sentencing Guidelines range by applying enhancements for possession of a firearm in connection with another felony offense and obstruction of justice, pursuant to U.S. Sentencing Guidelines Manual §§ 2K2.1(b)(6), 3C1.1 (2018).

---

[2] Citations to "J.A." refer to the joint appendix filed by the parties in this appeal.

Rather than evaluating the merits of Reardon's challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). In other words, we may assume that the Guidelines errors occurred and "proceed to examine whether the error[s] affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017). Under the assumed error harmlessness inquiry,

> a Guidelines error is harmless and does not warrant vacating the defendant's sentence if the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor.

*United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (cleaned up). The error will be deemed harmless if we are certain that these requirements are satisfied. *See id.*

Here, "the district court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *Gomez-Jimenez*, 750 F.3d at 382, thus satisfying the first prong of the assumed error harmlessness inquiry. Under the second prong, when reviewing the substantive reasonableness of a sentence, "we must examine the totality of the circumstances . . . to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *Mills*, 917 F.3d at 331 (cleaned up). The district court emphasized its belief that in light of the seriousness of the offenses of conviction and Reardon's criminal history, a 132-month sentence—which comprised the statutory maximum 120-month sentence on Count 1 and the statutory maximum 12-month sentence on Count 2, to run

5

consecutively—was sufficient but not greater than necessary to achieve the goals of sentencing. Because the sentence would be substantively reasonable even if we were to recalculate the Guidelines range without the challenged enhancements, we conclude that any error in the application of the challenged Guidelines enhancements is harmless.

III

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*