**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 25-4229**

―――――――――――

UNITED STATES OF AMERICA,

>     Plaintiff - Appellee,

>  v.

TYRONE GRAILFORD,

>     Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Sherri A. Lydon, District Judge.  (3:22-cr-00611-SAL-1)

―――――――――――

Submitted:  December 18, 2025                                      Decided:  December 31, 2025

―――――――――――

Before NIEMEYER and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:**  Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Bryan P. Stirling, United States Attorney, W. Cole Shannon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Grailford appeals the 77-month sentence imposed following his guilty plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). His sole challenge on appeal concerns the district court's calculation of the Sentencing Guidelines range. Assuming without deciding that the court made the Guidelines error that Grailford alleges, we conclude that such error is harmless.

A Guidelines error is harmless—and, thus, does not require vacatur—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (citation modified); *see United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (discussing assumed error harmlessness inquiry). Here, the district court explicitly stated that, even if it had misapplied the Guidelines, a 77-month upward variance sentence was warranted under the pertinent 18 U.S.C. § 3553(a) factors. Because "the district court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014), we conclude that the first prong of the assumed error harmlessness inquiry is satisfied.

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed error. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C.

2

§ 3553(a).  In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Gall v. United States*, 552 U.S. 38, 51 (2007).

Grailford's 77-month sentence is 14 months longer than the top of the Guidelines range that would have applied had his Guidelines objection been sustained.  As the district court explained, this minor upward variance was warranted in light of the seriousness of Grailford's felon-in-possession offense, his substantial criminal history, and the need to protect the public and afford general and specific deterrence.  Thus, assuming arguendo that the court miscalculated Grailford's Guidelines range, we nevertheless conclude that his sentence is substantively reasonable and, consequently, that the purported Guidelines error is harmless.

Resisting this conclusion, Grailford claims the district court disavowed any intent to vary from the Guidelines range.  He points to the court's statement, made after announcing its alternate variance sentence, that it saw "no need to vary upward." According to Grailford, this means the court would not have varied upward if it had calculated a 51-to-63-month Guidelines range.

We disagree.  Read in context, this statement clearly meant that the court saw no reason to vary upward from the 77-to-96-month range.  As discussed above, the court left no doubt that, regardless of the Guidelines range, a 77-month sentence was warranted.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*