**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-4118**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEIONTA SHAWN HAGENS,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:22-cr-00048-TDC-2)

───────────

Submitted: April 28, 2026                           Decided: April 30, 2026

───────────

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Christopher M. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant. Kelly O. Hayes, United States Attorney, David C. Bornstein, Assistant United States Attorney, M.J. Kirsch Muñoz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Keionta Shawn Hagens of conspiracy to interfere with interstate commerce by robbery, in violation of § 18 U.S.C. 1951(a); two counts of interference with interstate commerce by robbery, in violation of § 18 U.S.C. 1951(a), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On appeal, Hagens challenges the district court's calculation of his Sentencing Guidelines range because there was insufficient evidence to support its finding that one of the robberies charged as an object of the conspiracy, but not charged separately as a substantive offense, was an object of the conspiracy. Assuming without deciding that the court made the Guidelines error Hagens alleges, we conclude that such error is harmless. We therefore affirm.

A Guidelines error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (citation modified); *see United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (discussing assumed error harmlessness inquiry). Here, the district court explicitly stated that it would have imposed the same sentence even without considering the contested robbery in its Guidelines calculation. Because the "court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014), we conclude that the first prong of the assumed error harmlessness inquiry is satisfied.

2

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed error. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Hagens's 156-month sentence for his robbery convictions is six months longer than the top of the Guidelines range that would have applied had his Guidelines objection been sustained. As the district court explained, the sentence was warranted in light of the seriousness of Hagens's offenses, which involved multiple robberies, the use of firearms, and a profound effect on the victims, including the death of one of the victims. The court also credited Hagens's argument that his criminal history points overrepresented the seriousness of his past criminal conduct and acknowledged the mitigating factors of substance abuse and mental health issues, as well as the fact that Hagens's conduct during the robberies was less culpable than that of his codefendants. As a result, the court sentenced Hagens near the low end of his Guidelines range. Based on these factors, we conclude that the sentence six months higher than the Guidelines range that would have otherwise applied is substantively reasonable and, consequently, that the purported miscalculation of Hagens's Guidelines range is harmless.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*