UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4511

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN HENRY BRIDGES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:20-cr-00380-CCE-1)

Submitted:  March 24, 2022                                    Decided:  March 28, 2022

Before MOTZ, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** William Stimson Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, K. P. Kennedy Gates, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Henry Bridges appeals the 42-month sentence imposed following his guilty plea to access with intent to view child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). His sole challenge on appeal concerns the substantive reasonableness of his custodial sentence. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary, to comply with the purposes of federal sentencing, in light of the [Sentencing] Guidelines and other [18 U.S.C.] § 3553(a) factors." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Here, the district court varied downward from the 57-to-71-month Guidelines range, explaining that Bridges' conduct fell on "the less horrible end" of the spectrum of child pornography cases. Even so, the court emphasized the serious nature of the offense and the pressing need for general deterrence.

In arguing that his downward variance sentence is still too harsh, Bridges cites his cooperation and candor with law enforcement, his strong feeling of remorse, the likelihood that he will not reoffend, and his otherwise spotless criminal record. Though well-taken, these points fall short of rebutting the presumption of reasonableness that attaches to

2

Bridges' below-Guidelines sentence, especially in light of the untold damage wrought by people who create a demand for child pornography and the need to deter others from supporting this illicit market. Simply put, this is not "one of the rare cases where the sentence imposed by the district court was substantively unreasonable in light of the § 3553(a) factors." *United States v. Abed*, 3 F.4th 104, 119 (4th Cir. 2021) (cleaned up).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*