**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4258

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL A. LOFTON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:19-cr-00016-D-1)

Submitted:  February 25, 2022                                  Decided:  May 4, 2022

Before WYNN, DIAZ, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Joshua B. Howard, GAMMON, HOWARD & ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael A. Lofton, Jr., appeals his jury convictions and 92-month sentence for conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a), 846; distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); and distribution and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). On appeal, he argues that the district court violated his rights under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, and erred in applying a sentencing enhancement for possession of a firearm under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018). We affirm.

Lofton first asserts that the district court erred in denying his motion to dismiss the charges against him pursuant to the STA. We review the district court's interpretation of the STA de novo and its underlying factual findings for clear error. *United States v. Rodriguez-Amaya*, 521 F.3d 437, 440 (4th Cir. 2008). When a defendant pleads not guilty, the STA requires that the trial begin within 70 days of the indictment's filing or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). However, the STA excludes certain periods of time from the 70-day count, including periods of delay "resulting from any pretrial motion," *id.* § 3161(h)(1)(D), or "a continuance . . . granted on the basis of [the court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A). Having reviewed the record, we conclude that, after excluding periods of delay caused by the parties' filing of pretrial motions and the district court's grant of a

2

continuance with Lofton's consent, *see United States v. Keith*, 42 F.3d 234, 240 (4th Cir. 1994), Lofton's trial commenced within 70 days of his initial appearance. Accordingly, the district court correctly determined that Lofton's rights under the STA were not violated.

Next, Lofton argues that the district court erred in applying a sentencing enhancement for possession of a firearm during a drug trafficking crime under USSG § 2D1.1(b)(1). Rather than evaluating the merits of Lofton's challenge to the calculation of the Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). "To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). The claimed error will be deemed harmless only when we are "certain" that these requirements are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Here, the first part of the inquiry is satisfied because the "district court has expressly stated in a separate and particular explanation that it would have reached the same result" even if it had erred in applying the Guidelines. *Gomez-Jimenez*, 750 F.3d at 383. With respect to the second step of the analysis, we review a sentence for substantive reasonableness by "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Mendoza-Mendoza*, 597

3

F.3d 212, 216 (4th Cir. 2010). Here, the district court appropriately balanced Lofton's offense conduct, characteristics, and recidivism with the mitigating factors he presented, and explained that the sentence imposed was necessary to promote respect for the law, incapacitate Lofton, and provide deterrence. In light of the court's thorough discussion of the § 3553(a) factors, we conclude that Lofton's sentence is reasonable. Accordingly, any procedural error the court made in applying the disputed sentencing enhancement was harmless.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*