**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4006**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON ALTON SHOTTS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:21-cv-00106-CCE-1)

———————

Submitted:  December 20, 2022                    Decided:  December 22, 2022

———————

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Alton Shotts appeals the 36-month sentence imposed following his guilty plea to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Shotts challenges the district court's application of a two-level Sentencing Guidelines enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) (2018), as well as the substantive reasonableness of his sentence. Assuming without deciding that the court made the Guidelines error Shotts alleges, we conclude that such error is harmless and affirm the district court's judgment.

A Guidelines error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (cleaned up); *see United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (discussing assumed error harmlessness inquiry). Here, the district court explicitly stated that, based on its consideration of the 18 U.S.C. § 3553(a) sentencing factors, it would have imposed the same 36-month upward variance sentence even if it had made a mistake in calculating Shotts' Guidelines range. We thus conclude that the first requirement of the assumed error harmlessness inquiry is satisfied. *See United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014).

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the

2

assumed error. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Had the district court sustained Shotts' objection to the enhancement, his Guidelines range would have been 8 to 14 months' imprisonment rather than 12 to 18 months' imprisonment with the premises enhancement. The district court determined that, after consideration of the 18 U.S.C. § 3553(a) factors, an upward variance sentence was required. The court acknowledged Shotts' arguments in mitigation but concluded that the seriousness of the offense—which the court found resulted in an accidental fatal overdose—required a custodial sentence and that a 36-month sentence was appropriate to reflect the seriousness of the offense and the need to provide just punishment and deterrence.

In light of the district court's consideration of the § 3553(a) factors, we conclude that Shotts' upward variance sentence is substantively reasonable. *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010) (explaining that substantive reasonableness review requires an examination of "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)"). Consequently, we find that the purported miscalculation of Shotts' Guidelines range is harmless. *See McDonald*, 850 F.3d at 645.

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*