**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4346**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

FLAVIO RAMIREZ,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00304-D-2)

───────────────

Submitted:  February 21, 2023               Decided:  February 23, 2023

───────────────

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF**: Leslie Carter Rawls, Charlotte, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, F. Lee Francis, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Flavio Ramirez appeals the 540-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine and aiding and abetting, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), (b)(1)(B). Ramirez argues that the sentence is procedurally unreasonable because the district court abused its discretion by applying a three-level enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(b) (2021) when calculating Ramirez's advisory Sentencing Guidelines range. We affirm.

We review "a defendant's sentence under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). First, we must determine whether the sentence is procedurally reasonable, which generally includes determining if the district court correctly calculated the applicable advisory Guidelines range. *Id.* However, "rather than review the merits of" a defendant's challenge to his advisory Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). In other words, we may assume that the alleged Guidelines error occurred and "proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017). "[W]e can find any error harmless if we have (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) a

2

determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. Gondres-Medrano*, 3 F.4th 708, 721 (4th Cir. 2021) (internal quotation marks omitted).

Here, the district court stated on the record that it would have imposed the same sentence if it had miscalculated the applicable advisory Guidelines range. And upon review, we conclude that the 540-month sentence would be substantively reasonable even if the district court had resolved the objection to the supervisory role enhancement in Ramirez's favor. We therefore conclude that the potential Guidelines error is harmless, and we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*