**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4236**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMOND TERRELL FORREST,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00471-D-3)

_____

Submitted:  March 27, 2023                                Decided:  May 1, 2023

_____

Before WYNN and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, James Redd, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demond Terrell Forrest appeals the 216-month sentence imposed following his guilty plea to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and three counts of distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court allowed the Government to proceed on an untimely objection to the presentence report (PSR) and present evidence of additional drug weight attributable to Forrest. The district court found the Government's evidence credible and determined that Forrest's advisory Guidelines range was 210 to 262 months. On appeal, Forrest contends that the district court committed procedural error in allowing the late admission of the additional drug weight evidence and that the court imposed a substantively unreasonable sentence. However, assuming without deciding that the court made the Guidelines error Forrest alleges, we conclude that such error is harmless. Accordingly, we affirm.

"[R]ather than review the merits of [Forrest's] challenge[], we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). A Guidelines error is harmless— and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (cleaned up); *see United States v.*

2

*McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (discussing assumed error harmlessness inquiry).

Here, the district court explicitly stated that it would have given Forrest a 216-month sentence even if it had incorrectly calculated the Guidelines range.  Because the "court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *Gomez-Jimenez*, 750 F.3d at 382, we conclude that the first prong of the assumed error harmlessness inquiry is satisfied.

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed errors.  *Mills*, 917 F.3d at 331.  To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing.  18 U.S.C. § 3553(a).  In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Gall v. United States*, 552 U.S. 38, 51 (2007).

Forrest's 216-month sentence is a little more than 50% longer than the high end of the assumed Guidelines range.  As the district court explained, such an upward variance was warranted in light of the serious nature of the drug involved, the detrimental effect of Forrest's crime on his community, and Forrest's disrespect for the law, as indicated by his lengthy criminal history, poor performance on supervision, and repeated violations of the law even after previously being shown leniency in sentencing.  Thus, we conclude that Forrest's sentence would be substantively reasonable even if the Guidelines issue had been

3

resolved in his favor and, consequently, that the purported miscalculation of Forrest's Guidelines range is harmless.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*