**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 21-4386**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DANIEL LEE HERRAR, JR.,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Richard E. Myers, II, Chief District Judge.  (2:20-cr-00026-M-1)

—————————

Submitted:  March 30, 2023                    Decided:  May 23, 2023

—————————

Before NIEMEYER, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:**  Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Lee Herrar, Jr., pled guilty to possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924, and the district court sentenced him to 120 months' imprisonment. Herrar appeals, arguing that the court erred at sentencing by applying a cross-reference for attempted murder. *See* U.S. Sentencing Guidelines Manual §§ 2A2.1(a), 2K2.1(c)(1)(A), 2X1.1(a) (2018). Finding no error, we affirm.

Rather than evaluating the merits of Herrar's challenge to the calculation of the Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). "To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). The claimed error will be deemed harmless only when we are "certain" that these requirements are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

In this case, the first part of the inquiry is satisfied "because the district court has expressly stated in a separate and particular explanation that it would have reached the same result" even if it had erred in applying the Guidelines. *Gomez-Jimenez*, 750 F.3d at 383. With respect to the second step of the analysis, we review a sentence for substantive reasonableness by "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the

2

standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).  Here, the district court appropriately balanced Herrar's offense conduct, characteristics, and recidivism with the mitigating factors he presented, and explained that the sentence imposed was necessary to promote respect for the law, incapacitate Herrar, and provide deterrence.  In light of the court's thorough discussion of the § 3553(a) factors, we conclude that Herrar's sentence is reasonable.  Accordingly, even if we were to conclude that the court made a procedural error in applying the disputed cross-reference, the error was harmless.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*