**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4675**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JABRIEL FITZGERALD LAKES,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:21-cr-00078-D-1)

─────────────

Submitted:  June 15, 2023                           Decided:  June 20, 2023

─────────────

Before DIAZ, RICHARDSON, and HEYTENS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Thomas K. Maher, AMOS TYNDALL PLLC, Carrboro, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jabriel Fitzgerald Lakes appeals the 132-month prison sentence imposed following his guilty plea to possession with intent to distribute 50 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  Lakes challenges the district court's application of a two-level enhancement for possessing a dangerous weapon under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2021) when calculating his advisory Sentencing Guidelines range, and asserts that the error was not harmless.  Because any error in the application of the Guidelines enhancement was harmless, we affirm.

Rather than evaluating the merits of Lakes' challenge to the calculation of the Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).  In other words, we may assume that the alleged Guidelines error occurred and "proceed to examine whether the error affected the sentence imposed."  *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017).  "[W]e can find any error harmless if we have (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor."  *United States v. Gondres-Medrano*, 3 F.4th 708, 721 (4th Cir. 2021) (internal quotation marks omitted).  The claimed error will be deemed harmless only when we are "certain" that these requirements are met.  *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

2

In this case, the first part of the inquiry is satisfied "because the district court has expressly stated in a separate and particular explanation that it would have reached the same result" even if it had erred in applying the Guidelines. *Gomez-Jimenez*, 750 F.3d at 383. With respect to the second step of the analysis, we review a sentence for substantive reasonableness by "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).

Here, the district court appropriately balanced Lakes' serious offense conduct and extensive criminal history with the mitigating factors he presented. The district court further explained that the 132-month sentence imposed was necessary to promote respect for the law, provide just punishment, and afford adequate general deterrence. In light of the district court's thorough discussion of the relevant § 3553(a) factors, we conclude that Lakes' sentence is reasonable. Accordingly, even if we were to conclude that the district court erred in applying the disputed Guidelines enhancement—an issue we do not reach— the error was harmless.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3