**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4522**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN SCOTT FONVILLE,

Defendant - Appellant.

_____

**No. 21-4523**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN SCOTT FONVILLE,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00185-D-1; 7:14-cr-00043-D-1)

_____

Submitted:  March 29, 2023                                      Decided:  July 31, 2023

_____

Before WILKINSON, KING, and QUATTLEBAUM, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Murdoch Walker, II, Bingzi Hu, LOWTHER WALKER LLC, Atlanta, Georgia, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Philip L. Aubart, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Scott Fonville appeals his convictions and 420-month sentence for various drug and firearm charges. On appeal, Fonville disputes the district court's denial of his motion to suppress evidence obtained pursuant to the execution of a search warrant. Next, he contends that the court plainly erred in allowing the Government to introduce evidence of his prior convictions. Finally, Fonville raises a host of sentencing issues. For the reasons that follow, we affirm.[1]

On appeal from an order denying a motion to suppress, we review the district court's legal conclusions de novo, its factual findings for clear error, and the evidence in the light most favorable to the Government. *United States v. Sueiro*, 59 F.4th 132, 139 (4th Cir. 2023). "Under the Fourth Amendment, a [search] warrant must be supported by probable cause[,]" which "requires only a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (internal quotation marks omitted). In other words, "[t]here must . . . be some nexus between the suspected crime and the place to be searched." *United States v. Orozco*, 41 F.4th 403, 409 (4th Cir. 2022). "[W]hether a nexus exists is a practical, commonsense determination" that "may be established by the normal inferences of where one would likely keep the evidence being sought." *Id.* (internal quotation marks

---

[1] Fonville separately appealed the district court's decision to revoke his supervised release and to impose a 24-month revocation sentence. Though that appeal has been consolidated with the appeal from Fonville's convictions and 420-month sentence, Fonville does not raise any challenge to the revocation proceedings. For this reason, and because nothing in this opinion calls into question the bases for revoking Fonville's supervised release, we affirm the revocation judgment.

3

omitted). "We afford great deference to a judicial officer who issues a search warrant and ask only whether the judicial officer had a substantial basis for finding probable cause." *Sueiro*, 59 F.4th at 139 (internal quotation marks omitted).

Fonville argues that the probable cause affidavit filed in support of the search warrant application failed to allege a sufficient nexus between his residence and other evidence indicating that he was involved in trafficking heroin. We disagree. Initially, we readily conclude—and Fonville does not appear to dispute—that the affidavit adequately alleged that Fonville was involved in transporting heroin from New York to Wilmington, North Carolina, and conducting individual sales of heroin, both personally and through his associates. Regarding Fonville's residence, the affidavit alleged that one of Fonville's dealers frequently drove Fonville's car from the residence to a block where narcotics sales were known to take place. And at the time the dealer was arrested, he had just left Fonville's residence, again in Fonville's car, while carrying roughly 30 bags of heroin. These allegations, coupled with the abundant evidence of Fonville's involvement in heroin trafficking, were more than enough to establish a connection between the suspected crime and Fonville's home. *See United States v. Lull*, 824 F.3d 109, 119 (4th Cir. 2016) ("In previous drug trafficking cases, we have found the nexus requirement satisfied when there was evidence that the suspect was involved in the crime, coupled with the reasonable suspicion that drug traffickers store drug-related evidence in their homes." (cleaned up)).

Turning to the prior convictions evidence, Fonville conceded in the district court that the admission of such evidence was proper. Now, however, Fonville insists that the evidence was irrelevant and unreliable. Because Fonville explicitly waived his right to

4

object below, we will not review his unpreserved arguments on appeal. *See United States v. Duroseau*, 26 F.4th 674, 678 n.2 (4th Cir. 2022) ("Courts may review a forfeited claim for plain error. But when a claim is waived, it is not reviewable on appeal, even for plain error." (internal quotation marks omitted)).[2]

Finally, Fonville renews several objections aimed at the calculation of his Sentencing Guidelines range. Rather than addressing each of Fonville's Guidelines arguments, we can simply proceed to an "assumed error harmlessness inquiry." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). Under that approach, an allegedly erroneous application of the Guidelines does not require reversal if we can determine that the asserted errors are harmless. *Id.* To reach this conclusion, we must find that "(1) the district court would have reached the same result even if it had decided the Guidelines issue[s] the other way, and (2) the sentence would be reasonable even if the Guidelines issue[s] had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (cleaned up).

Here, the district court expressly stated that, irrespective of the correct Guidelines range, a 420-month variance sentence was warranted under the pertinent 18 U.S.C. § 3553(a) factors. Because the "court made it abundantly clear that it would have imposed

---

[2] Even if we were to review this issue for plain error, we would conclude that the evidence was relevant to Fonville's charge for possessing a firearm in furtherance of a drug trafficking crime, *see United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (including "the status of the possession (legitimate or illegal)" in the factors a jury may consider), and that the jury was the sole arbiter of deciding whether the testimony concerning the prior convictions was credible, *see United States v. Robinson*, 55 F.4th 390, 404 (4th Cir. 2022).

the same sentence . . . regardless of the advice of the Guidelines," *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014), the first prong of the assumed error harmlessness inquiry is satisfied, *id.* at 383.

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed errors. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Had the district court sustained each of Fonville's objections, his Guidelines range would have been 77 to 96 months. So, at 420 months, Fonville's sentence was more than quadruple the high end of the range that would have applied without the assumed errors. While undoubtedly a substantial variance, this sentence was, according to the district court, necessary to serve most of § 3553(a)'s sentencing goals. Specifically, the court emphasized the seriousness of heroin dealing, which, the court lamented, leads to dead bodies and grieving families. And noting that Fonville had not fallen prey to substance abuse, the court found that his illicit activities were the product of greed, not addiction. The court also underscored that Fonville resolved to build a drug trafficking organization despite his prior stint in federal prison and, remarkably, his own mother's death from a crack cocaine addiction. From this, the court observed that neither legal troubles nor

6

personal tragedy had successfully deterred Fonville from engaging in conduct that was destroying parts of his own community. In light of the district court's thorough sentencing explanation and the deference we owe to the court's sentencing discretion, we conclude that Fonville's significant upward variance sentence is substantively reasonable.

Accordingly, we affirm Fonville's criminal judgment and his revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*