**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

-----

**No. 23-4553**

-----

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JAMONI KEION EDWARDS,

          Defendant - Appellant.

-----

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (4:22-cr-00059-D-RJ-1)

-----

Submitted:  May 21, 2024                                      Decided:  May 23, 2024

-----

Before WYNN and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

-----

Affirmed by unpublished per curiam opinion.

-----

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

-----

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamoni Keion Edwards pled guilty, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[1] The district court sentenced Edwards to 36 months' imprisonment, to run consecutively to the state sentence he was presently serving and consecutively to an anticipated sentence for pending state charges. On appeal, Edwards argues that the district court erred in calculating his advisory Sentencing Guidelines range by applying a two-level enhancement under U.S. Sentencing Guidelines Manual § 3C1.2 (2021) for reckless endangerment during flight. We affirm.

Rather than evaluating the merits of Edwards' challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). In other words, we may assume the alleged Guidelines "error occurred and proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017). "[W]e can find any error harmless if we have (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) a determination that the sentence

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Edwards' offense was committed before the June 25, 2022, amendment to the statute.

would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. Gondres-Medrano*, 3 F.4th 708, 721 (4th Cir. 2021) (internal quotation marks omitted). The claimed error will be deemed harmless only when we are "certain" that these requirements are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

After announcing the 36-month sentence, discussing the 18 U.S.C. § 3553(a) factors, and explaining its decision to run Edwards' federal sentence consecutively to his state sentences, the district court stated, "I'd impose the same sentence as an alternative variant sentence if I in any way miscalculated the advisory [G]uideline[s] range. This is the sentence sufficient but not greater than necessary for Jamoni Edwards in light of all the [§ ]3553(a) factors I've discussed." (J.A. 61).[2] "[B]ecause the district court has expressly stated in a separate and particular explanation that it would have reached the same result" even if it had erred in calculating the Guidelines, *Gomez-Jimenez*, 750 F.3d at 383, the first part of the assumed error harmlessness inquiry is satisfied.

With respect to the second step of the analysis, we review a sentence for substantive reasonableness by "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). The district court appropriately balanced Edwards' offense conduct, criminal history, personal background, lack of

---

[2] "J.A." refers to the joint appendix filed by the parties in this appeal.

employment history, and poor performance while incarcerated and on supervision with the mitigating factors he presented.  The court further explained that the 36-month sentence was necessary to promote respect for the law, provide just punishment, and reflect the seriousness of the offense.  In light of the district court's thorough discussion of the relevant § 3553(a) factors, we conclude that Edwards' sentence is substantively reasonable when measured against the 24-to-30-month Guidelines range that would have applied absent the challenged enhancement.

Accordingly, even if we were to conclude that the district court erred by applying the disputed Guidelines enhancement—an issue we do not reach—any error was harmless. We therefore affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*