**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4473

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUAVION MAURICE PICKETT, a/k/a Q,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:22-cr-00259-M-RJ-1)

Submitted:  August 21, 2025                    Decided:  August 25, 2025

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Raymond C. Tarlton, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellant.  Daniel P. Bubar, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quavion Maurice Pickett appeals the 324-month sentence imposed following his guilty plea to possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); using and maintaining a place for the purpose of manufacturing and distributing fentanyl, in violation of 21 U.S.C. § 856(a)(1), (b); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii). On appeal, Pickett contends that the district court erred by sentencing him as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(a) (2023). The Government counters, in part, that the sentence is subject to affirmance because the district court announced an alternative variant sentence. Finding no reversible error, we affirm.

Rather than evaluating the merits of a defendant's challenge to the calculation of his Sentencing Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (citation modified). In other words, we "may assume that [the alleged Guidelines] error occurred and proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017). Under this inquiry, "a Guidelines error is harmless and does not warrant vacating the defendant's sentence if the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (citation modified). The error will be deemed harmless if we

2

are "certain" that these requirements are satisfied. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Based on a total offense level of 37 and a criminal history category of VI, the district court calculated an advisory Guidelines range of 420 months to life imprisonment. After imposing Pickett's downwardly-variant 324-month sentence, the court "announce[d] that if it ha[d] miscalculated the advisory guideline range in any way, or erroneously departed or failed to depart in any way, [it] would impose the same sentence as an alternative variant sentence in light of all the [18 U.S.C. §] 3553(a) factors that [the court had] discussed." (J.A. 107).[*] The court continued, "This is the sentence sufficient but not greater than necessary in this case." (J.A. 107). We find that "the district court made it abundantly clear that it would have imposed the same sentence" without the career offender designation, thus satisfying the inquiry's first prong. *Gomez-Jimenez*, 750 F.3d at 382.

Under the second prong, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). The career offender enhancement did not impact Pickett's offense level, but it raised his criminal history category from V to VI. *See* USSG § 4B1.1(b). Thus, without the enhancement, Pickett's 324-month sentence still would fall well below the revised Guidelines range of 384 to 465 months' imprisonment. Pickett's sentence therefore enjoys a presumption of reasonableness that "can only be rebutted by

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record convinces us that Pickett's sentence is substantively reasonable. The district court provided a detailed explanation for the sentence it imposed, grounded squarely in the relevant § 3553(a) factors, and Pickett has not overcome the presumption of reasonableness afforded his sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately before this court and argument would not aid the decisional process.

*AFFIRMED*