**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4446

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD DOMINIQUE DEVONE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:22-cr-00077-M-1)

Submitted:  December 18, 2025                    Decided:  March 23, 2026

Before NIEMEYER and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan Dubois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Daniel P. Bubar, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Dominique Devone appeals the 120-month sentence imposed following his guilty plea to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. On appeal, Devone challenges the district court's application of a cross-reference for attempted first-degree murder in calculating Devone's base offense level under the Sentencing Guidelines. See U.S. Sentencing Guidelines Manual §§ 2A2.1(a), 2K2.1(c) (2021). Devone also argues that the district court erred in overruling his objections to the application of enhancements for a large capacity magazine and obliterated serial number and for possessing a firearm in connection with another felony offense that the court applied as an alternative to application of the cross-reference. See USSG § 2K2.1(a)(1), (b)(4), (b)(6)(B). Using either the base offense level derived from application of the cross-reference or that calculated under USSG § 2K2.1, the Guidelines range was the same—135 to 168 months, capped at 120 months by the statutory maximum sentence. [*] For the following reasons, we affirm.

A Guidelines error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had

---

[*] Section 924(a)(2) was amended and no longer provides the penalty provision for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. See Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Devone committed the offense before the June 25, 2022, amendment of the statue.

been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (citation modified); *see United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (discussing assumed error harmlessness inquiry). Here, the district court explicitly stated that a 120-month sentence was warranted under the relevant 18 U.S.C. § 3553(a) factors and that it would impose the same sentence as a variance even if it had miscalculated the Guidelines range. Because the "court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014), we conclude that the first prong of the assumed error harmlessness inquiry is satisfied.

Turning to the second prong, we consider whether the sentence is substantively reasonable, taking into account the Guidelines range that would have applied absent the assumed error. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a).

Devone's 120-month sentence is 49 months longer than the top of the Guidelines range that would have applied had his Guidelines objections been sustained. As the district court explained, an upward variance was warranted in light of the seriousness of Devone's offense, which involved emptying a firearm magazine in the direction of a group of people gathered in front of a home in a drive-by shooting. The court also emphasized Devone's criminal history and characteristics and the need to protect the public from further criminal conduct by Devone. Based on the factors the court identified, we conclude that Devone's

3

sentence is substantively reasonable, and consequently, that any miscalculation of Devone's Guidelines range is harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4