**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4410

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AHMAD RASHAD MCCLAIN, a/k/a Wop,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:23-cr-00042-D-RJ-1)

Submitted:  February 5, 2026                    Decided:  March 26, 2026

Before HARRIS, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Heather Rattelade, RATTELADE LAW, Pittsboro, North Carolina, for Appellant.  Daniel P. Bubar, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ahmad Rashad McClain appeals the 480-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing heroin and protonitazene, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846; and possession with intent to distribute 100 grams or more of a mixture and substance containing heroin and protonitazene, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  On appeal, McClain argues that the district court erred by treating the protonitazene as fentanyl for purposes of calculating the relevant Sentencing Guidelines drug quantity.  The Government seeks summary affirmance, contending that any error was harmless.  Finding no reversible error, we affirm.

Rather than evaluating the merits of a defendant's challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (citation modified).  In other words, we "may assume that [the alleged Guidelines] error occurred and proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017).  Under this inquiry,

> a Guidelines error is harmless and does not warrant vacating the defendant's sentence if the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor.

*United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (citation modified).  The error will be deemed harmless if we are certain that these requirements are satisfied.  *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

2

Here, the district court explicitly stated that, even if it had misapplied the Guidelines, it would impose the same 480-month sentence as an alternative variant sentence under the 18 U.S.C. § 3553(a) sentencing factors. Because the court thus "made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," we conclude that the first prong of the assumed error harmlessness inquiry is satisfied. *Gomez-Jimenez*, 750 F.3d at 382.

Turning to the second prong, we consider whether the sentence is substantively reasonable. *Mills*, 917 F.3d at 331. To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). When considering the substantive reasonableness of a sentence, "we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Davis*, 130 F.4th 114, 127 (4th Cir. 2025) (citation modified).

We have reviewed the record and are satisfied that McClain's 480-month sentence is substantively reasonable. The district court provided a well-reasoned explanation for the sentence that was rooted in the § 3553(a) factors and responsive to McClain's arguments for a lower sentence. In particular, the court emphasized that the seriousness, scale, and relentlessness of McClain's criminal conduct meant a significant sentence was needed to provide adequate incapacitation, protect the public, and reflect the seriousness of the offense. We therefore conclude that any error in the calculation of the Guidelines range was harmless.

3

Accordingly, we affirm the district court's judgment, and we deny as moot the Government's motion for summary affirmance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*